UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF ILLINOIS

| | |
|---|---|
| **Marwan Dib, M.D.** ) | |
|     Plaintiff, ) | |
| ) | |
| v. ) | Case No. 21-1339 |
| ) | |
| **Quincy Physicians & Surgeons Clinic, S.C.** ) | |
|     Defendant ) | |

**ORDER**

Before the Court is plaintiff's motion to compel discovery [14].

Plaintiff, a physician, brought this diversity action against his former employer. Plaintiff claims defendant breached the employment agreement by paying him less than the amount required under the contract. Plaintiff also pleaded a claim under the Illinois Wage Payment and Collection Act. 820 ILCS 115/1 *et seq*. The written employment agreement required defendant to pay plaintiff:

> the greater of (i) an annual salary of Seven Hundred Fifty Thousand and 00/100 Dollars ($750,000) or (ii) the amount the Employee would have earned under the Employer's income distribution formula (compensation plan) for its shareholders, as if Employee was a shareholder of Employer

The agreement further provided, "Such compensation shall be payable in the manner determined by the Board of Directors of the Employer. The agreement covered a period beginning January 1, 2020. In both January and February 2020 plaintiff was paid $62,500. In March 2020, plaintiff received an email from defendant reading:

> As an associate physician at Quincy Medical Group, you have a guaranteed annual salary per your contract. That salary remains in place for 2020. However, due to estimated reduced productivity and

1

> cash flow resulting from the current Covid-19 situation, your monthly draw will be reduced by 50% effective with the March 31st payroll. This is temporary and your draw will be restored to a level greater than normal as soon as possible in order to meet your contract for the year.

In March, April, May, and June 2020 plaintiff was paid less than $62, 500.  In May 2020 plaintiff provided a 60-day notice of his resignation.  Plaintiff claims he was paid a total of $93,750 less than he was entitled to receive under the contract. Defendant contends that, after adjustments for such things as recoupment of an unearned signing bonus, plaintiff was paid all monies due under the contract.

Plaintiff claims defendant has not adequately responded to certain discovery requests.  Plaintiff seeks to compel responses to interrogatories 9, 23, and 24.  Plaintiff also asks the Court to compel responses to requests to produce 8, 9, 10, 11, 13, 14, 17, 22, 23, and 27. Defendant claims plaintiff's motion should be denied because plaintiff failed to attach a certification that plaintiff's counsel conferred, or attempted to confer, with defense counsel to resolve discovery disputes.  Defendant does not dispute that the motion to compel outlines email and telephonic communications to attempt to resolve discovery disputes and contains the statement that plaintiff has in good faith attempted to confer with defendant to resolve disputes. Plaintiff asserts Rule 37 requires a separate certification must be attached to the motion.  Rule 37 contains no such requirement. Instead, it provides, "the motion must include a certification …."  Plaintiff has signed the motion to compel.  Under Rule 11 of the Federal Rules of Civil Procedure, the signature is a certification that the factual statements have evidentiary support.  The Court finds plaintiff has complied with the certification requirement of Rule 37.

Defendant's response to plaintiff's interrogatories contains a section entitled "general objections." The first two of the "general objections" simply state defendant's opinion on whether defendant has waived objections by answering the interrogatories. The third "general objection" is that defendant objects to the interrogatories to "the extent they purport to impose requirements beyond those imposed by the Federal Rules of Civil Procedure." Defendant's fourth "general objection" is that defendant objects to the interrogatories insofar as they request information subject to the attorney/client privilege, the work-product privilege, or any other applicable privilege. Defendants "general objections" include a statement that these objections are applicable to every one of the interrogatories.

Defendant's general objections are overruled. Rule 33(b)(4) of the Federal Rules of Civil Procedure provides "The grounds for objecting to an interrogatory must be stated with specificity." It is impossible to tell the basis for these objections as applied to the specific interrogatories. For example, it does not appear that defendant has a good faith basis to assert attorney/client privilege as to every interrogatory. Defendant has, however, made that objection. To the extent defendant has withheld information from the interrogatory answers based on the general objections, defendant must supplement the answers.

Interrogatory 9 asks defendant to identify and provide additional information about all "physician-employees" whose compensation agreements were modified by defendant. Defendant objected to the interrogatory on several bases, including an assertion that the information is not relevant to the issues in this case. In addition, defendant claimed it had

3

not modified any compensation agreements. Interrogatories 23 and 24 seek information about other employees whose draw was either "restored to a greater level than normal" or was not restored to a greater level. Defendant also objected to the relevance of the information sought in these interrogatories.

In moving to compel, plaintiff ignores the fact defendant has no information responsive to interrogatory 9.  Plaintiff contends the information sought in these interrogatories is "highly relevant" because treatment of other employees could impact the defense. Plaintiff does not explain how it could impact the defense. In responding to the motion to compel, defendant notes the issues in this case under both the breach of contract claim and the Wage Payment and Collection Act claim are very limited.  Those issues are (1) how much was owed to plaintiff under the contract and (2) how much was paid to plaintiff? Unless there is ambiguity in the contract, which plaintiff does not claim, extrinsic evidence on the meaning of the contract is not admissible. *Barwin v. Village of Oak Park*, 54 F.4th 443, 464 (7th Cir. 2022).  Defendant has raised affirmative defenses of accord and satisfaction and failure to file within the statute of limitations for the Wage Payment and Collection Act.  Information about other employees has no bearing on either of these defenses.

Under Rule 26(b)(1) of the Federal Rules of Civil Procedure, information need not be admissible to be discoverable.  To be discoverable, however, the information needs to be relevant to a "party's claim or defense."  The scope of discovery is, therefore, tied to the issues raised by the parties in their pleadings. Defendant's treatment of other employees has no bearing on the narrow issues raised by the pleadings in this case.

Plaintiff has simply made the conclusory allegation of relevance, but has not explained how the treatment of other employees has any bearing on either the breach of contract claim, or the Wage Payment and Collection Act claim. Plaintiff's motion to compel responses to interrogatories 9, 23, and 24 is denied.

In responding to requests to produce, defendant made similar "general objections" to those raised in responding to interrogatories. Rule 34(b)(2)(B) of the Federal Rules of Civil Procedure requires, for each item or category of material sought, the response must either state that inspection will be permitted "or state with specificity the grounds for objecting to the request, including the reasons." Defendant's general objections are overruled.

Request to produce 8 seeks all documents related to any proposed or actual modification to the employment contract between plaintiff and defendant. Defendant objected to the request as containing a legal conclusion that renders the request vague and ambiguous. Defendant's objection is overruled. Defendant further responded by stating it has no documents because the contract was not modified. While defendant states it has no documents because the agreement was not modified, plaintiff contends this response does not address the request for documents related to proposed modifications. Defendant is to provide any documents it has related to proposals to modify the employment agreement.

Requests to produce 9, 10, 11, 17, and 23 seek to discover information about the treatment of other employees. For the reasons stated regarding plaintiff's interrogatories, defendant's relevance objections are sustained.

Requests to produce 13 and 14 seek information regarding any estimated and actual "reduced productivity and cash flow" as stated in the March 25, 2020, memo reflecting a reduction in plaintiff's monthly draw. Defendant objected that the request was overbroad, sought information not relevant to the dispute, and sought proprietary information. In responding to the motion to compel, defendant does not rely on the assertion regarding seeking proprietary information and only argues the information is not relevant. Plaintiff's argument on the issue of relevance is "[i]t is difficult to discern how this information is not relevant given the purported basis given by QMG to support its reduction in Dr. Dib's pay was 'estimated reduced productivity and cash flow.'" Defendant argues the sole issue in this case is whether plaintiff was paid the money due under the contract. The correctness of defendant's estimation of reduced cash flow is, according to defendant, not an issue in the case. Plaintiff has failed to explain how the information sought has any bearing on the issues to be resolved in this case. Discovery into matters having no bearing on the issues to be decided only serves to increase the costs of litigation. Defendant's relevance objection is sustained.

Request to produce 22 seeks all internal communications relating to the modification of plaintiff's compensation or any amounts owed plaintiff. Defendant objected to the request on the ground the term "modification" is ambiguous, but answered the request, stating it has no responsive documents because plaintiff's compensation was not modified. Plaintiff claims defendants were not truthful in denying there was a reduction in plaintiff's compensation, because it is undisputed plaintiff's monthly draw was reduced. When the request to produce was drafted, plaintiff was aware of defendant's position that

6

the contract only required payment of an annual salary and left the amount of any monthly draw to the discretion of defendant. Defendant further contends plaintiff was paid the portion of his annual salary due under the contract. Whether these positions are correct or not will not be decided by the Court on a motion to compel. Defendant responded to the request to produce.  Plaintiff's objection to defendant's legal position is not a basis for compelling a different response. While the motion to compel a response to request 22 is denied, because at the time the motion to compel was filed the scheduling order would have permitted plaintiff to submit additional requests to produce, plaintiff is granted leave to rephrase request 22 and serve it on defendant within 21 days of this order.

Request 27 asked for copies of "all documents, including meeting notices and notes, as well of consent related documents of the Board of Directors for [d]efendant (the 'Board'), that relate to any reduction in employee compensation during the year 2020 [sic]."  Defendants objected to the request as overbroad and not tailored to lead to admissible evidence. Defendant also cites to its general objections. Defendant further states it has no responsive documents. Defendant's general objections are overruled. If defendant withheld production of documents based on the general objections, defendant must produce the documents.  If no documents were withheld, defendant should so state.

Although defendant stated it has no responsive documents, in attempting to resolve discovery disputes, it produced some documents.  The documents produced have redactions. Plaintiff claims defendant should have produced a privilege log if redactions were made based on portions of the documents being privileged. Defendant asserts portions of the documents that are not responsive to plaintiff's request were redacted.

While plaintiff objects to defendant unilaterally deciding what material is relevant to the request, the Court has no bases for finding the redacted material to be relevant to plaintiff's request. Neither party has asked the Court to conduct an *in camera* review of unredacted versions of the documents. It is unclear whether defendant also made redactions of relevant documents based on attorney client privilege. Defendant has, however, offered to provide a privilege log. If documents were redacted, or withheld, based on a claim of privilege, defendant is to provide a privilege log.

Defendant asks to be awarded its costs and attorney fees incurred in bringing th motion to compel. Rule 37 of the Federal Rules of Civil Procedure provides a party bringing a successful motion to compel is entitled to recover its costs unless the motion was filed before attempting a good faith effort to resolve differences; the nondisclosure, response, or objection was substantially justified; or the circumstances make an award unjust. Similarly, if a motion to compel is denied, the court is to require the movant to pay the responding party's costs and fees unless the motion was substantially justified or other circumstances make the award unjust. In the present case, plaintiff's motion was allowed in part and denied in part. Under the circumstances an award of fees and costs to either party would be unjust.

In summary, plaintiff's motion to compel [14] is allowed in part and denied in part. To the extent otherwise discoverable documents or information were withheld from the disputed interrogatories and requests to produce based on defendant's general objections, defendant is ordered to provide the documents or information withheld based on these objections within 21 days. Defendant is to provide, within 21 days, any

documents it possesses responsive to request to produce 8 relating to proposed modifications of the employment contract between plaintiff and defendant. Defendant is to provide, within 21 days, a privilege log regarding any redactions to the documents produced pursuant to request to produce 27 based on a claim of privilege. The motion to compel is otherwise denied. Plaintiff is granted leave to serve defendant with a revised request to produce 22 within 21 days.

**KAREN L. MCNAUGHT, United States Magistrate Judge:**

ENTERED  25 , 2022.

                              s/ Karen L. McNaught
                    _____
                        KAREN L. MCNAUGHT
                UNITED STATES MAGISTRATE JUDGE